UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR EL-AMIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18 CV 2109 RWS |
| | ) | |
| LIBERTY MUTUAL INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

This newly-removed case is before me on my review of the file for subject matter jurisdiction. Plaintiff filed this action against defendant after sustaining personal injuries from a motor vehicle accident. Plaintiff's petition prays for damages in an amount "less than $75,000." Defendants removed this action to this Court on December 19, 2018, alleging diversity jurisdiction under 28 U.S.C. § 1332. In support of its assertion that the amount in controversy exceeds the jurisdictional threshold, defendant points to the fact that plaintiff made a settlement demand in the amount of $100,000.00.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there."

*In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)).  Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a).

In removal cases, the district court reviews the state court petition pending at the time of removal to determine the existence of subject matter jurisdiction.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938).  The district court may also look to the notice of removal to determine its jurisdiction.  28 U.S.C. § 1446(c)(2)(A)(ii).  The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied.  *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).  "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]"  *Id.*

Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000."  28 U.S.C. § 1332(a).  When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.  28 U.S.C. § 1446(c)(2)(a).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted *when not contested by the plaintiff or questioned by the court*."  *Dart Cherokee Basin*

*Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (U.S. Dec. 15, 2014) (emphasis supplied). "Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when . . . the court questions the defendant's allegation." *Id.* at 554. When a court makes a factual inquiry into the amount in controversy issue, "the court can consider the plaintiff's pre- and post- removal settlement offers, refusals to settle, allegations of serious injuries in the pleadings, and post-removal stipulations, as long as the stipulation can be considered as *clarifying* rather than amending an original pleading." *Jackson v. Fitness Resource Group, Inc.*, No. 4:12CV 986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (emphasis in original) (internal quotation marks and citation omitted).

Here, where there appears to be a conflict between plaintiff's petition and settlement demand, the Court would consider an appropriate clarifying stipulation as evidence regarding the amount in controversy if accompanied by a timely filed motion for remand. *See Slavin v. State Farm Mut. Auto. Ins. Co.*, 4:05CV1968 MLM, 2005 WL 3274337, at *3 (E. D. Mo. Dec. 2, 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file any timely motion for remand with an appropriate clarifying stipulation or the case will be deemed to satisfy the jurisdictional threshold necessary to establish this Court's diversity jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to plaintiff's counsel by mail as the docket sheet reflects that he is not a member of this bar.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of January, 2019.